[Civ. No. 5152. Second Appellate District, Division One.—April 16, 1928.]

LEON SPINAK, Respondent, v. R. W. PRIDHAM, Appellant.

Hill & Morgan for Appellant.

Frank F. Oster for Respondent.

HAHN, J., *pro tem.*—It is alleged in the complaint in this action that in May, 1923, plaintiff and defendant entered into a contract whereby plaintiff agreed to "prepare and furnish for defendant's use and benefit certain sketches and working details for the construction of certain fixtures and embellishments of a residence then being constructed by defendant in said city, and, whenever by defendant required so to do, to exercise an advisory supervision over the construction and incorporation of such fixtures and embellishments in said residence; and, in consideration of plaintiff's said promise and agreement, defendant promised and agreed in said contract to pay to plaintiff the sum of $600." The complaint further alleges that the plaintiff has duly performed all of the conditions of said contract to be by him performed, and that defendant has repudiated said contract and refused to pay him said sum or any part thereof.

The answer denies each and all of the allegations of the complaint except that of nonpayment of the alleged claim.

Judgment went for plaintiff in the sum of $400, from which defendant appeals.

Appellant presents his grounds for a reversal of the judgment under three heads: First: The evidence is insufficient to support the findings; second: The findings do not support the judgment and the judgment is contrary to law; third: The court committed error in its admission and rejection of evidence.

The findings complained of may be briefly summarized as follows:

First: That plaintiff and defendant entered into a contract whereby plaintiff agreed to prepare and furnish for defendant ''certain designs'' for defendant's house ''and to supervise the incorporation of these designs in said house,'' for which defendant agreed to pay plaintiff the sum of $600.

Second: That the plaintiff did not agree, nor did the parties to the contract understand, that plaintiff was to furnish complete working details such as might be required by a planing-mill incident to its work, but only such working details as would enable a competent mechanic to execute the designs furnished.

Third: That plaintiff furnished the designs for the fixtures and embellishments in accordance with said contract and as therein required of the plaintiff, and that the defendant used said designs and had the benefit of them.

Fourth: That the designs furnished were of the reasonable value of $400.

Fifth: That the plaintiff did not supervise the incorporation of the fixtures and embellishments, and defendant never requested plaintiff so to do.

Appellant urges that the contract found by the court to have been entered into between the parties required of the plaintiff only that he furnish the ''designs,'' while the contract plead and testified to by the plaintiff provided that plaintiff was to furnish ''sketches'' and ''working details.'' Furthermore, that the court found that the contract required plaintiff to ''supervise'' the work, while the contract plead and testified to by plaintiff provided that plaintiff was ''to exercise an advisory supervision'' only when requested so to do by defendant.

It must be conceded that the findings are inaccurately drawn and lacking in concise adherence to the issues as set

forth in the pleadings. However, when read together and analyzed, it cannot be said that they do not declare upon the material issues as determined by the court. There is sufficient evidence in the record to support the view evidently taken by the court, that what the plaintiff agreed to furnish and which in the complaint was designated as "sketches and working details" was in fact included in the term "designs." Apparently, during the trial, the chief controversy on the question of what plaintiff was to furnish, aside from the question as to whether or not a contract was entered into, seemed to center around the detailed drawings which were required by the planing-mill in getting out the staircase that was to be erected in the house.

Plaintiff testified that the designs he furnished included a number of detailed drawings which were sufficient to enable any mechanic to construct the work as delineated, and that was all the contract required of him. He admitted that he did not prepare full-sized detailed drawings for the staircase as desired by the mill, claiming that such drawings were not contemplated by either the defendant or himself and not included in the agreement. Defendant's testimony on this point conflicts with that of plaintiff.

Smith, the contractor who had charge of the building, testified that the drawings and designs furnished him by plaintiff were sufficient to enable him to do all of the work contemplated by the designs, except that the mill required certain detailed drawings which were not furnished by the plaintiff. The court found that the contract did not require the plaintiff to furnish these detailed drawings for the mill. There being sufficient evidence to support this finding, this court will not disturb it.

The apparent conflict pointed out by appellant between the findings and the complaint as to the matter of supervising the work consists rather in the form of language used than in the substance.

The testimony on this point is somewhat extended and more or less conflicting as to just what was the intention of the parties. It clearly appears that no request was ever made of the plaintiff to examine or supervise the work. There is sufficient evidence to have justified the trial court in concluding that the supervising, whatever was meant by

the term, was to be furnished only at defendant's request, but was not regarded as of any importance by the defendant and was in fact waived by him.

It is next pointed out that the complaint sounds in contract and not in *quantum meruit;* hence that the finding that the reasonable market value of the designs furnished by the plaintiff is the sum of $400, is outside of the issues raised in the pleadings; also that the judgment has no support in the proper findings, and therefore the judgment is contrary to law.

It must be conceded, and in fact is so conceded by respondent, that the finding as to the reasonable value of the designs furnished is outside of the issues raised by the pleadings. Respondent frankly concedes .that he does not urge the sustaining of the judgment on the court's theory that he was entitled to recover for the reasonable value of the designs, but that his recovery must rest upon his contract plead and the evidence in support thereof. Respondent's answer to appellant's attack upon this finding is that it may be treated as surplusage, as there are sufficient other findings to sustain the judgment in his favor. Moreover, he urges that appellant cannot be heard to complain because the court awarded respondent only $400 on the theory of the reasonable value of the designs, when upon the evidence and the findings he should have been awarded the sum of $600. In other words, conceding that the court erred in the matter of taking evidence on the question of the reasonable value of the designs, and in making a finding upon that question, there is a finding that plaintiff fulfilled his contract, and there being evidence sufficient to sustain that finding, a judgment not to exceed $600 should be sustained. We think respondent's contention answers appellant's criticism.

The last point urged by appellant is in criticism of a ruling of the court sustaining respondent's objection to a question asked of a witness by appellant. We have examined the record on this point, as well as the citations presented, and are of ·the opinion that the error, if any, committed was wholly immaterial.

For the foregoing reasons the judgment is affirmed.

Conrey, P. J., and Houser, J., concurred.